1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JAMEEL R. COLES,                    )    1:11-cv-01475–LJO-JLT HC
                                         )
12              Petitioner,              )    FINDINGS AND RECOMMENDATIONS TO
                                         )    DISMISS PETITION FOR WRIT OF
13        v.                             )    HABEAS CORPUS FOR VIOLATION OF
                                         )    THE ONE-YEAR STATUTE OF
14   MATTHEW CATE,                       )    LIMITATIONS AND FAILURE TO
                                         )    EXHAUST (Doc. 1)
15              Respondent.              )
                                         )    ORDER DIRECTING THAT OBJECTIONS
16   _____)    BE FILED WITHIN TWENTY DAYS

17

18                        **PROCEDURAL HISTORY**

19        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed in the

21   Sacramento Division of this Court on August 23, 2011. [1]   It was transferred to the Fresno Division

22

23        [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
24   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
25   adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
26   AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), *amended* May 23, 2001, *vacated and remanded on
     other grounds sub nom.* Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir.
27   2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest
     possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson,
28   330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, the Court will consider the date of signing of the petition (or the date

                                            1

1  on September 2, 2011.  (Doc. 4).  On September 12, 2011, after a preliminary review of the Petition

2  indicated that the petition may be untimely and should therefore be dismissed, the Court issued an

3  Order to Show Cause why the petition should not be dismissed as untimely.  (Doc. 7).  That Order to

4  Show Cause afforded Petitioner thirty days within which to file a response.  To date, no response has

5  been filed.   The Court's review also indicated that the petition was unexhausted.

6  **DISCUSSION**

7  A.  Preliminary Review of Petition

8  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

9  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

10  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

11  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

12  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

13  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

14  Cir.2001).

15  The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

16  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

17  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing the

18  September 12, 2011  Order to Show Cause, the Court afforded Petitioner the notice required by the

19  Ninth Circuit in Herbst.

20  B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

21  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

22  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

23  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

24

25

26  of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on October 22, 2010.  (Doc. 1, p. 9).  It is not clear whether this is actually the date Petitioner conveyed the petition

27  to prison authorities under the mailbox rule.  If it is, it is unclear why it would have taken ten months for the petition to be filed in the Sacramento Division of this Court.  However, for purposes of the Court's analysis of the statute of limitations

28  issue, the Court will give Petitioner the benefit of the doubt by considering the filing date to be October 22, 2010.

1   (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9ᵗʰ Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

2   (1997).  The instant petition was filed, under the mailbox rule, on October 22,  2010, and thus, it is

3   subject to the provisions of the AEDPA.

4          The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

5   petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

6   reads:

7               (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
            corpus by a person in custody pursuant to the judgment of a State court.  The
8           limitation period shall run from the latest of –

9                   (A) the date on which the judgment became final by the conclusion of direct
            review or the expiration of the time for seeking such review;
10
                    (B) the date on which the impediment to filing an application created by
11          State action in violation of the Constitution or laws of the United States is removed, if
            the applicant was prevented from filing by such State action;
12
                    (C) the date on which the constitutional right asserted was initially recognized by
13          the Supreme Court, if the right has been newly recognized by the Supreme Court and made
            retroactively applicable to cases on collateral review; or
14
                    (D) the date on which the factual predicate of the claim or claims presented
15          could have been discovered through the exercise of due diligence.

16              (2) The time during which a properly filed application for State post-conviction or
            other collateral review with respect to the pertinent judgment or claim is pending shall
17          not be counted toward any period of limitation under this subsection.

18   28 U.S.C. § 2244(d).

19          In most cases, the limitation period begins running on the date that the petitioner's direct

20   review became final.  Here, the Petitioner was convicted on March 22, 2000 in the Merced County

21   Superior Court.  Petitioner filed a petition for review that was denied by the California Supreme

22   Court on May 1, 2002.[2]  Thus, direct review would have concluded on July 30, 2002, when the

23   _____

24          [2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
     accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.
25   1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice
     may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise
26   Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v.
     Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980). As
27   such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal
     and the California Supreme Court are subject to judicial notice.  The Court has accessed the California courts internet website
28   to determine the date of filing of the petition for review.

3

1    ninety-day period for seeking review in the United States Supreme Court expired.  Barefoot v.

2    Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v.

3    Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year from the following

4    day, July 31, 2002, or until July 30, 2003, absent applicable tolling, within which to file his federal

5    petition for writ of habeas corpus.

6        As mentioned, the instant petition was filed on October 22, 2010, over seven years after the

7    date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or

8    equitable tolling, the instant petition is untimely and should be dismissed.

9        C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

10       Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

11   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

12   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

13   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

14   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

15   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

16   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

17   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

18   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

19   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

20   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

21   (9th Cir. 1999).

22       Nevertheless, there are circumstances and periods of time when no statutory tolling is

23   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

24   appeal and the filing of an application for post-conviction or other collateral review in state court,

25   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007;

26   Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is

27   allowed for the period between finality of an appeal and the filing of a federal petition.  Id. at 1007.

28   In addition, the limitation period is not tolled during the time that a federal habeas petition is

4

1    pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v.

2    Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a

3    petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing

4    a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d)

5    does not permit the reinitiation of the limitations period that has ended before the state petition was

6    filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to

7    continuous tolling when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer,

8    447 F.3d 1165, 1166 (9th Cir. 2006).

9          Petitioner alleges that he filed two state habeas petitions in the Merced County Superior

10   Court: (1) the first was filed on an undisclosed date and denied on April 10, 2003; and (2) the second

11   was in filed on an undisclosed date and denied on September 16, 2010.  (Doc. 1, p. 3).  Assuming,

12   for the sake of this motion, that the first petition was "properly filed" under the AEDPA, it would

13   have afforded Petitioner some additional days or weeks of tolling during 2003 when the state petition

14   would have been pending.  However, without further information from Petitioner, it is impossible for

15   the Court to determine precisely how many days or weeks of tolling Petitioner to which would be

16   entitled, if any.  Since Petitioner has declined to file a response to the Court's Order to Show Cause,

17   the record regarding the precise amount of statutory tolling, if any, Petitioner would be entitled to is

18   incomplete.

19         The second petition, however, does not entitled Petitioner to any statutory tolling since it

20   would have been filed long after the one-year period would have expired.   A petitioner is not

21   entitled to tolling where the limitations period has already run prior to filing a state habeas petition.

22   Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);

23   see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d

24   820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has

25   ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999)

26   (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year

27   limitations period).  Here, assuming the first state petition entitles Petitioner to some undetermined

28   amount of tolling, the limitations period would nevertheless have expired at some time in the latter

5

1   part of 2003, still roughly seven years before Petitioner filed his second state habeas action.

2   Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

3         Petitioner argues that he has "newly discovered" evidence of his innocence and that he is a

4   "sovereign," i.e., that he "retains rights and powers...of the 9[th], 10th [amendments to the] U.S.

5   Constitution."  (Doc. 1, p. 4).  Petitioner does not explain what evidence of innocence he has

6   uncovered nor when he discovered this evidence.  Nor does he explain how his claimed status as a

7   "sovereign" entitles him to relief from his judgment and conviction.  Petitioner claims he could not

8   have discovered these facts at any earlier time, but provides absolutely no information about how and

9   when he discovered these circumstances, much less how they bear upon his claim of a constitutional

10  violation.  Accordingly, the Court finds no basis in this petition to alter the statutory starting date for

11  the one-year limitation period.  That being the case, the petition is untimely unless Petitioner is

12  entitled to equitable tolling.

13        D.  Equitable Tolling

14        The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

15  equitable tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

16  (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

17  period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

18  make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

19  (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

20  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

21  statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

22  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

23  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

24  his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807

25  (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

26  exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

27  omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at

28  1107.

6

1    Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on

2  the record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is

3  not entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

4            E.  Exhaustion.

5    A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

6  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

7  exhaustion doctrine is based on comity to the state court and gives the state court the initial

8  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

9  U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

10  1163 (9th Cir. 1988).

11    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

12  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

13  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

14  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

15  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

16  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

17  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

18    Additionally, the petitioner must have specifically told the state court that he was raising a

19  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

20  (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

21  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

22  Supreme Court reiterated the rule as follows:

23    In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies
requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the
24    State the "opportunity to pass upon and correct alleged violations of the prisoners' federal
rights" (some internal quotation marks omitted).  If state courts are to be given the
25    opportunity to correct alleged violations of prisoners' federal rights, they must surely be
alerted to the fact that the prisoners are asserting claims under the United States Constitution.
26    If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
27    only in federal court, but in state court.

28  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

7

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner does not allege that he has ever presented the claims presently contained in his federal petition to the California Supreme Court in a petition for writ of habeas corpus as required by the exhaustion doctrine. The September 12, 2011 Order to Show Cause directed Petitioner to file a response if he had any further information bearing upon the issue of exhaustion of his issues in state court. As mentioned, Petitioner declined to file a response to the Order to Show Cause. Thus, the Court has no alternative but to conclude that the petition is entirely unexhausted. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

## **RECOMMENDATIONS**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus should be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d) and for failure to exhaust his claims in state court.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

filed within ten (10) court days (plus three days if served by mail) after service of the objections.

The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **October 19, 2011**                                                      **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE