1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 JAMEEL R. COLES, | ) | 1:11-cv-01475-LJO-JLT HC |
| | ) | |
| 12          Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO SET ASIDE JUDGMENT |
| 13      v. | ) | (Doc. 14) |
| | ) | |
| 14 | ) | |
| MATTHEW CATE, | ) | |
| 15 | ) | |
| 16          Respondent. | ) | |
| | ) | |

17

18                         **PROCEDURAL HISTORY**

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19
pursuant to 28 U.S.C. § 2254.

20
        The instant federal petition for writ of habeas corpus was filed on August 23 23, 2011.  (Doc.

21
1).  On September 12, 2011, after conducting a preliminary screening of the petition, the Court

22
issued an Order to Show Cause why the petition should not be dismissed as untimely.  (Doc. 7).  The

23
Order to Show Cause provided Petitioner with thirty days within which to file a response.  Petitioner

24
did not file any response.

25
        Accordingly, on October 20, 2011, the Court issued Findings and Recommendations to

26
dismiss the petition as untimely.  (Doc. 11).  Those Findings and Recommendations afforded

27
Petitioner twenty days within which to file objections.   Petitioner did not file any objections.  On

28
November 22, 2011, the Court adopted the Magistrate Judge's Findings and Recommendations,

                                    1

1   entered judgment, and closed the case.  (Docs. 12 & 13).   On December 27, 2011, Petitioner filed

2   the instant motion to set aside the judgment, contending that on September 12, 2011, he was

3   transported to the Sacramento County Jail for a family law hearing scheduled for September 15,

4   2011, that the hearing was postponed several times, during which Petitioner continued to be housed

5   in the Sacramento County Jail, that Petitioner continues to be housed in the Sacramento County Jail

6   pending the hearing, and that during the interim, Petitioner has not had access to his legal documents

7   and thus, has been unable to respond to the Court's orders.  (Doc. 14).  For the reasons set forth

8   below, the Court finds Petitioner's contentions unpersuasive and will deny his motion for

9   reconsideration.

10                                    **DISCUSSION**

11          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

12   district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on

13   grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

14   . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ....

15   or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

16   A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one

17   year after the judgment, order, or proceeding was entered or taken."  Id.

18          Additionally, when filing a motion for reconsideration, Local Rule 230(j) requires a party to

19   show the "new or different facts or circumstances claimed to exist which did not exist or were not

20   shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider

21   are committed to the discretion of the trial court.  Combs v. Nick Garin Trucking, 825 F.2d 437, 441

22   (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party

23   must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

24   decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.

25   1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

26          Here, Petitioner does not argue that the Court erred in adopting the Findings and

27   Recommendations, nor does Petitioner contest the Magistrate Judge's analysis of the timeliness

28   issue.  Petitioner does not indicate that he is entitled to additional equitable or statutory tolling that

1   would make his petition timely, nor does he indicate that he has additional evidence to substantiate

2   further tolling.  Indeed, Petitioner does not address the issues raised in the Order to Show Cause or

3   the Findings and Recommendations in any way.  He merely asserts that he is entitled to have the

4   judgment set aside because, in order to attend to legal proceedings unrelated to his conviction, he

5   was housed in a facility where he could not immediately access his legal documents.

6          Even assuming, arguendo, that Petitioner's factual allegations about his transfer to the

7   Sacramento County Jail and the subsequent delays in his family law hearing are true, such

8   allegations are grossly insufficient to entitle Petitioner to have the judgment set aside.  Such

9   allegations do not satisfy any of Rule 60(b)'s requirements objections.  Regarding the dismissal for

10  untimeliness, Petitioner has not shown mistake, inadvertence, surprise, or excusable neglect;  newly

11  discovered evidence; fraud . . . of an adverse party; that the judgment is void or has been satisfied;

12  nor has he shown any other reason justifying relief from the operation of the judgment.  Although

13  Petitioner's allegations may bear upon why he did not respond to the Order to Show Cause or why he

14  filed no objections to the Magistrate Judge's Findings and Recommendations, they do not, in any

15  way, suggest that the Court erred in concluding that the petition was untimely under applicable

16  federal law or, were the judgment to be set aside, that Petitioner would be able to provide new

17  evidence that would make the petition timely or otherwise cause the Court to reconsider its analysis.

18         The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

19  equitable tolling in appropriate cases.  See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

20  (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

21  period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

22  make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

23  (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

24  petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

25  statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

26  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

27  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

28  his way."   Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807

1  (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the

2  exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

3  omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at

4  1107.

5       Petitioner contends that his transfer to another facility constitutes a circumstance beyond his

6  control.  However, those equitable tolling provision relate to the period between the time the statute

7  of limitations commences and the time Petitioner ultimately files his federal habeas petition.

8  Equitable tolling provisions have no application to the time period *after* a petition has been filed.

9  Accordingly, it is irrelevant whether Petitioner's transfer was a circumstance beyond his control.

10      Because the motion to set aside judgment or for reconsideration provides no new evidence or

11  circumstances that would satisfy the requirements of Rule 60(b), it must therefore be denied.

12                                          **ORDER**

13      Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc.

14  14), is DENIED.

15

16

17

18

19

20

21  IT IS SO ORDERED.

22  **Dated:    January 11, 2012**                    **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

4